14406

WEATHERFORD v. FISKE-CARTER CONST. CO.

(189 S. E., 224)

*Mr. G. Badger Baker,* for appellant,

*Messrs. McEachin & Townsend,* for respondent,

January 5, 1937.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, by Robert Lee Weatherford, as plaintiff, against the defendant, Fiske-Carter Construction Company, commenced in the Civil Court of Florence, Florence County, September 26, 1934, is a suit for recovery of damages for personal injuries, to wit, a rupture, the plaintiff alleges he incurred in May, 1934, while in the employment of the defendant and while engaged in the removal of a heavy steel column. According to plaintiff's allegations, the said injury was the direct and proximate result of the negligence, carelessness, willfulness, wantonness, and recklessness of the defendant in the particulars set forth in the complaint. In answering the allegations of the complaint the defendant denied the material parts of the same and alleged that the plaintiff had sustained a previous rupture and interposed the plea of assumption of risk and contributory negligence.

Issues being joined, the case was tried in said Court before his Honor, R. W. Sharkey, Judge of said Court, and a jury, in March, 1935.

At the conclusion of the plaintiff's testimony the defendant made a motion for a nonsuit, which motion his Honor refused, and at the conclusion of all of the testimony his Honor refused defendant's motion for a directed verdict. However, his Honor held that there was no evidence of willfulness and stated that he would submit the case to the jury on the question of actual damages only.

For the purpose of better understanding the questions presented to the Court by the appeal in the case we call attention at this time to certain of the material allegations set forth in the complaint in connection with the plaintiff's testimony relating thereto.

The defendant, a corporation conducting general construction work, was engaged in the construction of an addition to the McLeod Infirmary at Florence, S. C., and the plaintiff, a man about 67 years old, trained in carpenter work and accustomed to do carpenter work only, was employed by the defendant on said work, but, according to his allegations and testimony, in spite of his age, training, and experience, was suddenly and unexpectedly ordered by the superintendent in charge of said construction work to aid five laborers to move a steel column, weighing about 1500 pounds, for a distance of about 40 feet over uneven ground into a 3-foot excavation, in order to place it into position in the foundation of the said building.

The plaintiff further alleged and testified, in effect, that, though he was unfamiliar with the weight, height, and type of the column in question, as well as the task of moving the same into an excavation, he managed, though with difficulty, under the direction of the defendant's superintendent, with the rest of the crew, to lift the said column into the said excavation; that while the said men were moving the said column, under the direction of the superintendent, as aforesaid, a part of the crew stepped into the said excavation and the said load was largely thrown upon the plaintiff and his said assistant at the upper end, and the plaintiff was thereby subjected to an unusual strain and was borne to the ground, and was greatly injured; that as plaintiff fell he left a severe pain in his left side, which so increased as to disable him, and his suffering was so intense that he was unable to do any heavy work thereafter, and, being unable thereafter to perform his work satisfactorily, was discharged as incompetent; that following this injury, received as aforesaid, plain-

tiff consulted a physician, and he was informed by physician that he had sustained a severe and dangerous rupture and, that the said rupture would thereafter incapacitate him for physical labor and render him totally and permanently disabled, which, due to his lack of education and training in any other line of work other than as a carpenter, will completely destroy his earning capacity. Plaintiff further testified, in effect, in keeping with his allegations, that during all of said time the said work was being performed the said men were under the control of and under the direction of the said superintendent of said defendant.

The plaintiff alleged in his complaint that the injuries complained of were the direct and proximate result of the negligence, carelessness, willfulness, wantonness, and recklessness of the defendant in the following particulars:

"(1) In failing to provide a sufficient number of workmen to do the work in which plaintiff was engaged, of lifting a heavy steel column over rough ground into an excavation;

"(2) In ordering the plaintiff to do work too heavy for the number of laborers provided;

"(3) In failing to provide the plaintiff a safe place to work in that the ground at the addition to the McLeod Infirmary was uneven and the number of laborers inadequate to move a heavy steel column into a three-foot excavation;

"(4) In failing to warn the plaintiff of the weight of the column and of the danger of lifting it into a three-foot excavation;

"(5) In failing to provide a suitable place and method for lifting and placing heavy columns at the addition to the McLeod Infirmary;

"(6) In suddenly, unexpectedly, and without warning of danger, assigning plaintiff, a man of advanced years, to heavy labor when he had been employed as a carpenter, and was unaccustomed to heavy labor and was unfamiliar with the task of lifting a heavy steel column into an excavation;

"(7) In failing properly to supervise the work required of the plaintiff at the addition to the McLeod Infirmary."

The plaintiff introduced testimony tending to establish his allegations, whereas the defendant offered testimony in keeping with and for the purpose of proving the allegations set forth in the defendant's answer.

After hearing argument as to what issues should be submitted to the jury, his Honor, the presiding Judge, in accordance with his ruling, submitted the case to the jury upon two grounds only, to wit: "In failing to provide the plaintiff a safe place to work in that the ground at the addition to the McLeod Infirmary was uneven," and "in failing properly to supervise the work required of the plaintiff at the addition to the McLeod Infirmary."

The jury returned a verdict for the plaintiff for the sum of $1,000.00 actual damages, and, the defendant's motion for a new trial being refused, from entry of judgment for the plaintiff for the amount of the verdict, the defendant has appealed to this Court.

Under the allegations of error imputed to the trial Judge appellant presents seven exceptions, but states that the questions presented for the Court's consideration are the following:

"1. Was there any testimony to submit to the jury as to whether or not the plaintiff assumed the risk and negligently contributed thereto, which resulted in his alleged injury?

"2. Was there any testimony to submit to the jury whether or not the defendant was negligent in failing to provide the plaintiff a safe place to work?

"3. Was there any testimony to submit to the jury that defendant failed to properly supervise the work of the plaintiff?

"4. Was the Trial Judge's definition of 'assumption of risk', as charged to the jury erroneous?"

The questions which arise under the appeal we shall consider jointly.

As to the contention of the defendant that the plaintiff had sustained a previous injury of the nature complained of in the case at bar, we think it clear that that question, under the testimony in the case, was one for the jury, and was properly submitted to the jury. As stated by the trial Judge, the jury was relieved of having to inquire into the weight of the column in question. As stated by the trial Judge, in effect, the weight of the column and the injury resulting to the plaintiff therefrom was assumed by the plaintiff. This, however, was not true regarding the supervising of the work referred to, and the alleged failure to properly supervise said work at the place in question, under the existing circumstances, under which the plaintiff had to continue the work and his appreciation of the same, was a matter that the jury had to pass upon. Whether he appreciated the same as the superintendent did, under the surrounding facts and circumstances, was a question for the jury. This is a different proposition from one being judge of his own strength. The plaintiff had no hesitancy in testifying, in effect, that he thought the column in question too heavy, but he further testified, in effect, that he was able to carry the weight placed upon him over the distance in question and over the ground referred to along with the other laborers, but, when additional weight was placed upon him, under the circumstances, injury resulted to him. In this connection we call attention to the fact that not only the ground at the place referred to was not clear of débris, but that the supervision of the movement of the column at said place evidently contributed to the plaintiff's injury, and, further, that such movement was under the control and direction of the superintendent of the defendant company. At least, that question, along with the other questions incident thereto, was a matter for the jury. As contended by the plaintiff, it was the duty of the superintendent, the one in charge of said work, to manage in such a way to take care of said workmen, and he should have kept that thought in mind when he

issued the orders, if such orders were issued by him. As herein suggested, the question of appreciation was to be considered by the jury.

We find no ground for complaint in the other matters contended by the defendant.

The exceptions are overruled, and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE BAKER was disqualified.